**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Adams, | ) | No. CV 11-00351-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| NCC Business Services of Ohio, an Ohio | ) | |
| corporation; Gerardo Vargas, a single man, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The court has before it defendants' motion to dismiss or alternatively motion for a more definite statement (doc. 9) and plaintiff's response (doc. 12). Defendants did not file a reply.

Defendants argue that plaintiff's second amended complaint ("SAC") consists of only general allegations followed by subheadings for claims for relief which do not include any specific underlying factual allegations. Defendants contend that this fails to satisfy Rule 8(a), Fed. R. Civ. P. Plaintiff counters that the SAC is premised on 76 specific factual allegations supporting liability. In the alternative, plaintiff requests leave to amend the SAC to indicate which specific factual allegations correspond to the various counts and to dismiss the third claim alleging violation of the ADEA.

We agree that the SAC lacks sufficient clarity to give rise to a responsive pleading because the claims do not specify the facts upon which they are based or the applicable legal

1 theory. While plaintiff may list factual allegations underlying the causes of action, plaintiff
2 fails to link those factual statements to each claim. A complaint should not contain "narrative
3 ramblings," but instead should attempt to "link[ ] factual allegations to actual legal claims."
4 McHenry v. Renne, 84 F.3d 1172, 1175-76 (9th Cir. 1996). Because plaintiff has already
5 amended the complaint once as a matter of right, we must decide whether justice requires
6 further amendment. See Rule 15(a)(1), (2). We find that amendment would not be futile and
7 grant plaintiff leave to amend the SAC.

8 Plaintiff will be afforded 15 days from the date of this order to amend the SAC to
9 articulate the specific factual allegations and legal theory underlying each claim. At that time
10 plaintiff also may abandon claim three.

11 Accordingly, it is **ORDERED GRANTING** defendants motion to dismiss (doc. 9).
12 It is **FURTHER ORDERED GRANTING** plaintiff leave to amend his complaint pursuant
13 to Rule 15(a)(2), Fed.R.Civ.P. Plaintiff shall have 15 days from the date this order is entered
14 to file an amended complaint.

15 DATED this 21st day of April, 2011.

Frederick J. Martone
United States District Judge

- 2 -